IN THE MATTER OF THE ASSIGNMENT OF GEORGE W. NICHO-LAS, AN INSOLVENT DEBTOR, FOR THE BENEFIT OF CREDITORS, PHINEAS PROUTY AND ALEXANDER L. CHEW, APPELLANTS, v. JANE R. CLAGGETT, RESPONDENT.

*Assignments for benefit of creditors—jurisdiction over, conferred upon County Courts — Supreme Court has no original jurisdiction over proceedings thereon by petition.*

One Rogers, the assignee for the benefit of the creditors of one Nicholas, applied, by petition, to the Supreme Court for, and procured an order appointing a referee to take and state his accounts. Upon the coming in of the referee's report, the assignee was directed to sell the interest of the debtor in certain lands in Pennsylvania, and subsequently, upon a report being made showing the disposition made of the proceeds of the sale, the assignee was discharged.

*Held,* that under chapter 466 of 1877, as amended by chapter 318 of 1878, the entire original jurisdiction over these proceedings, by petition, was conferred upon the County Court, and that the Supreme Court had no authority or jurisdiction to make the orders appealed from, and that the same were therefore void.

APPEAL by the purchasers from an order made at the Special Term, setting aside an order confirming a sale made by an assignee for the benefit of creditors.

*Henry R. Selden*, for the appellants. Proceedings can be be instituted by petition only "in a cause" (that is, in an action as defined in the Code of Procedure), "or in a matter over which the court has jurisdiction under some act of the Legislature or other special authority." (1 Barb. Ch. Pr. [1st ed.], 578.; 2 id. [2d. Rev. ed.], 579 ; Van Santvoord's Eq. Pr., 423.; 2 Daniel's Ch. Pr. [Perkin's ed.], 1603 ; *Matter of Pet. of Livingston*, 34 N. Y., 569.) If there was a fund in court, or under its control, there might be more propriety in the courts acting upon an original petition without suit ; but even in such cases the English Court of Chancery has always declined to act upon original petition without suit, excepting in cases where the estate was very small. (*Ex parte Larkin*, 4 Russ., 307 ; *In re Molesworth*, id.; note ; *Corbett* v. *Tottenham*, 1 Ball & Beatty, 60 ; *Mountfort, Ex parte*, 15 Ves., 448 ; *Ex parte Salter*, 2 Dick., 769 ; *S. C.*, 3 Bro. C. C., 500 ; *Ex parte Brown*, Cooper, 295.) There are no statutory provisions which give the Supreme Court any summary power to direct or control the conduct of trustees under assignments for the benefit of creditors. (Burrill on Assignments, 536, 537 ; *Rogers* v. *Rogers*, 3 Paige, 379 ; Lewin on Trusts, *infra*.) Special jurisdiction over this subject has recently been given by statute to the county judge, but it is not given to the Supreme Court. (Laws of 1860, chap. 348, p. 594 ; Laws of 1867, chap. 860, p. 2163 ; Laws of 1870, chap. 92, p. 297 ; Laws of 1872, chap. 838, p. 1993 ; Laws of 1877, chap. 466, p. 543.)

*E. M. Morse*, for the respondent.

TALCOTT, P. J.:

It appears in this case that George W. Nicholas, an insolvent debtor, and resident of Geneva, in this State, made a voluntary assignment, for the benefit of creditors, to one Frederick W. Prince, of the same place ; and Prince, failing to give the bond required by the statute, one Erastus I. Rogers was substituted as

such assignee, presumably by the order of the county judge or County Court of Ontario county. That on the 30th day of July, 1877, at a Special Term of the Supreme Court, held at Rochester, on the petition of the said Rogers, as such assignee, an order was made by Mr. Justice Rawson, appointing Wm. H. Smith, Esq., a referee to take and state the account of said Rogers as such assignee. The matter of the accounting proceeded before the referee, and he made his report thereon to the Supreme Court, which was presented to a Special Term of the Supreme Court, held at Rochester on the 27th of August, 1877, and a motion was thereupon made to confirm the said report, and the same was thereupon confirmed, in pursuance of a stipulation between the attorneys of such of the creditors as had appeared upon the said accounting; and it appearing by the said report that there remained of the assigned estate the undivided half of certain lands situated in Potter county, Pennsylvania, the said order of confirmation further directed that the said interest in the said lands should be sold at public auction, in the village of Geneva, on a notice of six days, to be once published in the Geneva Courier, and to be posted in three public places in said village of Geneva, and the funds realized from such sale be distributed as specified in said order; and that after the payment of the final dividend, the said assignee render a final account, to be taken and stated by and before the said William H. Smith, who was continued as a referee for that purpose; and that, upon the final passing of said account by the said assignee, he be finally discharged from his trust and his bonds ordered to be canceled. The assignee proceeded to make a sale of the undivided interest of the said Nicholas, in the said lands in Pennsylvania, and proceeded to make his final account before the referee, who reported the same, and that said assignee was entitled to a discharge from the duties of his trust, as such assignee, and that his bond should be canceled.

Afterwards, at a Special Term of the Supreme Court held at Rochester, on the first day of November, 1877, on the petition of Mrs. Jane R. Claggett, as one of the creditors of said George W. Nicholas, the said Special Term made an order, setting aside the sale of the said lands as against the appellants, Prouty and Chew, on certain terms and conditions therein mentioned. From this

order of the Special Term the said Prouty and Chew, the purchasers at the sale of the Pennsylvania lands, appeal to this court. It does not appear to us that the Supreme Court had any jurisdiction of the subject-matter, in reference to which, by the several orders purporting to have been made by it, it appears to have undertaken to deal. The entire jurisdiction over this subject is conferred on the County Court. (See Laws of 1877, ch. 466, amended by the act of 1878, ch. 318.) No action was pending in this court when the said orders were made, but the orders were made simply on the petition of the parties who applied for them; and admitting that in case of an action pending in this court for an accounting by the assignee in a voluntary assignment such orders would have been properly made, yet, under the statutes referred to, the whole original jurisdiction in such matters is conferred upon the County Court, and we know of no authority by which the Supreme Court is authorized to make orders in such matters, without any suit in that court, except upon appeal from an order or determination previously made by the County Court, in pursuance of the statutes referred to.

We think the counsel wholly misapprehended the law as regards the *forum* to which they are entitled to resort, by original petition in such cases, and that all the orders which appear to have been made in the Supreme Court on petition were without authority or jurisdiction, and are void.

The order appealed from is reversed, with ten dollars costs and the disbursements for printing.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Ordered accordingly.